HORATIO WALES, Trustee Under the Last Will and Testament of Lucia W. Hitt, Deceased, and as Guardian of the Person and Estate of Harold William Hitt, Appellant, v. SAMMIS AND SCOTT, Appellees.

Trusts: INTEREST OF TRUSTEE: RIGHTS OF CREDITORS. Where a
1  wife devises one-third of her entire property to her husband and the remaining two-thirds to him in trust for her minor child, with full power to sell and convey the trust estate and reinvest the proceeds, and in the exercise of such power the husband appropriates to his own use or squanders a large part of the estate, he still has a one-third interest in the remaining realty which can be reached by his creditors, his interest attaching to each tract and not in the estate as a whole.

Defalcation of Trustee: RIGHTS OF BENEFICIARY: LIEN OF CREDITORS.
2  Where a trustee with power of disposal has a joint interest in an estate with a beneficiary under a will, the beneficiary has no lien on the interest of the trustee to reimburse him for defalcations which is paramount to the lien of the creditors of the trustee that attach prior to the time the beneficiary asserts this claim.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

TUESDAY, MAY 12, 1903.

SUIT in equity to establish a trust in certain real estate, and to enjoin an execution sale thereof under an attachment issued in a case wherein defendants herein were plaintiffs and Homer B. Hitt was defendant. From a decree dismissing plaintiff's petition, this appeal was taken.—*Affirmed.*

*E. T. Bedell* and *Ira T. Martin* for appellant.

*J. U. Sammis* and *George C. Scott pro se.*

DEEMER, J.—Lucia W. Hitt died testate, April 25, 1897, seised of the real estate in dispute, together with a

large amount of other real and personal property. She left surviving Homer B. Hitt, her husband, and an infant child, Harold William Hitt. By the terms of the will she devised one-third of her estate to her husband, and two-thirds to her husband in trust for her minor child, with the provision that, if the child died before reaching the age of twenty-five years, all the property should go to the husband absolutely. Homer B. Hitt was appointed executor and trustee, and duly qualified as such. Soon after his appointment he appropriated to his own use more than one-third of the estate left by his deceased wife. The real estate, which comprised, among other things, lot 6, block 33, in the town of Lemars, Iowa—the property in dispute —was never partitioned. The will of Lucia W. Hitt was probated in Plymouth county, Iowa, May 7, 1897.

At the time of the commencement of this action, Homer B. Hitt had sold, disposed of, and squandered, not only what would amount to one-third of the property given him by the will, but about three-fourths of the value of the property left to him in trust for his minor child. About December 1, 1897, the defendants, Sammis and Scott, brought action, aided by attachment, which was levied on the real estate in controversy, against Homer B. Hitt, to recover compensation for services rendered Homer B. Hitt, as attorneys at law, for expenses incurred by them in litigation in his behalf, and for money loaned him; and on November 30, 1898, they recovered a judgment *in rem* against Homer B. Hitt's interest in the lot, he being a nonresident of the state, and were about to sell the same on special execution when this action was brought. Plaintiff in this suit was duly appointed guardian of the person and property of Harold William Hitt by the probate court of Cook county, Ill., and qualified as such on the 1st day of March, 1898. And on the 12th day of October, 1899, the circuit court of Cook county removed Homer B. Hitt as executor and trustee, and appointed plaintiff in his stead.

The decree of the circuit court also provided that Homer B. Hitt should convey to plaintiff, as trustee, all the undisposed of real estate belonging to the minor child, the *cestui que* trust, to plaintiff, and on October 13, 1899, he conveyed the real estate in controversy to plaintiff as trustee. A report of this transaction was made to the said circuit court, and was by it approved. This suit is brought to enjoin the execution sale, to enforce the conveyance made to plaintiff, and to establish a trust in the property in favor of plaintiff, as guardian for Harold William Hitt. The grounds for such relief, as stated in the petition, are that "said Homer B. Hitt has appropriated to his own use and benefit more than one-third of the entire estate of Lucia W. Hitt, deceased, and more than the portion devised to him by the said will of Lucia W. Hitt, deceased, and has appropriated to his own use and benefit, and wasted, squandered, and dissipated, more than one half of the portion of the said estate of Lucia W. Hitt, left by her said will to him in trust for their son, Harold William Hitt; and that Homer B. Hitt, by reason of the matters set out in this petition, had no interest in the property attached, at the time of the attachment, subject to levy and sale, to satisfy a personal debt or judgment against him; and that, in any event, the equitable lien of the ward, Harold William Hitt, on the property attached on account of the amount due from said Hitt, trustee, to his said ward, because of said mis-appropriation of the trust funds belonging to said ward, is superior to any lien or claim of general creditors of Homer B. Hitt, individually."

A demurrer to the petition, reciting these facts, based on the ground that plaintiff was not entitled to the relief demanded or to any relief, was sustained, and the appeal is from that ruling. In order that the exact power of Homer B. Hitt, as executor and trustee may be understood, we copy the provision of the will referring to that matter,

which is as follows: "Third. In the event I die leaving issue, then I give and devise and bequeath to my husband, Homer B. Hitt a one-third part of all my real and personal property, of every name and nature, and description whatsoever, that I may die possessed of, to have and to hold the same to himself and his heirs forever, and the remaining two-thirds of all my real and personal property which I may die possessed of I give, devise and bequeath to my husband, Homer B. Hitt, to have and to hold the same upon the trusts and for the uses and purposes hereinafter set forth. The said Homer B. Hitt, trustee, shall have full power and authority to sell and convey any and all of my real estate so devised to him in trust whenever he shall deem best, and to make and execute and deliver good and sufficient deed or deeds for the same to any purchaser or purchasers thereof; and shall have full power and authority to invest all of the personal property, and the proceeds realized therefrom, together with the proceeds realized from the sale of real estate, so devised to him in trust, in loans secured upon income producing real estate and shall keep the same so invested until my child surviving shall arrive at the age of twenty-five years, and the net annual income realized from the investments of the two-thirds of my estate so devised in trust shall be used so far as the same is necessary, to properly clothe, support, and educate my child; and the balance of said net annual income not needed for that purpose shall be added to the principal of said trust estate by my said trustee and re-invested by him, and that when my said child surviving me shall arrive at the age of twenty-five years, I then desire and direct my said trustee to pay and deliver to my said child surviving me all of the principal of said trust estate, with the accumulation thereto to be and become the absolute property of my said child who shall survive me, and his heirs forever. In the event my child who shall survive me does not live to be twenty-five years of age, then I desire and

direct that all of said trust estate shall be and become the
absolute property of my husband, Homer B. Hitt and his
heirs forever."

It will be observed that the trustee had full power to
sell and convey all the property devised to him in trust
whenever he should deem best, and to invest the proceeds
in a certain manner.   As the trustee was thus expressly
authorized to sell and convey all the real estate, whether
devised absolutely to him or in trust for his minor child,
he was guilty of no wrong in making the sales referred to
in the petition.   His wrong consisted in not investing the
proceeds as required and directed by the will.   We shall
assume, in the absence of allegations to the contrary, that
Homer B. Hitt, when he was appointed trustee, was re-
quired to give bonds to cover such delinquencies on his part.

The question in the case is:   Is plaintiff entitled,
under the showing made, to the relief asked, or to any
relief whatever?   We should be glad to protect the minor
**1. Interest of** child's interest in his mother's estate, if it
**trustee; rights**
**of creditors.** were possible to do so under any known rules
of law, but, after a careful examination of counsel's
argument, aided by such independent investigation as we
have been able to make, we see no way to avoid the con-
clusion that the ruling of the court is correct.   The will
gave to Homer B. Hitt one-third of all the real property,
of every name and description, owned by the testatrix at
the time of her death, absolutely, and devised the other
two-thirds to him in trust for the purposes named.   There-
fore Homer B. Hitt took title to one-third of the real
estate in controversy, absolutely.   This remained in him
until in some manner divested according to law.   Appel-
lant contends, however, that the will devised to Homer
B. Hitt one-third of the entire mass of property, and not
one-third of each aliquot part, and that a court of equity
should treat the property in controversy under the facts
above recited as belonging to the infant ward.   But this

is not the rule. The real estate owned by the testatrix was situated in at least two different states, and we doubt if it is possible to devise real property so situated, as that the title is held in abeyance until an accounting is had by the trustee and the court determines where it is. Our understanding of the law of real property is that a devise of this character vests the title in each parcel of the real estate as provided in the will, to wit, one-third absolutely in the husband, and the other two-thirds in him as trustee for the *cestui que* trust for the uses and purposes named. While estates, under our statutes, may be created to commence at a future day (Code, section 2917), the title is and must be in some one at all times. And so it follows that under the will of Lucia W. Hitt, Homer B. Hitt took an one-third interest in the property in controversy, absolutely, at the time of the testatrix's death. This he did not dispose of until the conveyance to plaintiff under orders of the circuit court of Cook county, Ill., on October 13, 1899, which was long after defendants' attachment was levied.

But it is argued that there was at all times an equity in favor of the *cestui qui* trust and his guardian to have the amount of Homer B. Hitt's defalcations made a charge 2. DEFALCA- upon his land, and that this equity is super-tion of trustee: rights of ben- ior to the claims of his (Homer B. Hitt's) ficiary: lien of creditors. creditors. This presents the only plausible theory for reversing the ruling of the trial court. It should be remembered in this connection that the real estate in controversy was not acquired with trust funds. It came to Homer B. Hitt directly from his wife under the provisions of the will quoted, and has in no manner been augmented by the proceeds of the trust estate. If it could be shown that any part of the trust estate went into this property, or that it was acquired with funds any part of which belonged to the *cestui que* trust, doubtless appellant should have the relief he seeks for the protection of his ward's estate. But such is not the case. According to

plaintiff's own showing, the money received by Homer B. Hitt for his minor child was squandered or appropriated to his own use and benefit. In such case there is no equit-. able lien upon or title to the real estate owned by him, which was derived from his wife under the will. At most, plaintiff has a mere equitable right to sequester the real estate owned by Homer B. Hitt to the payment of the amount of the proceeds of the real estate held by him in trust which he squandered or otherwise used for his own benefit. But this equitable remedy will not prevail over a prior attachment by another creditor. There is no allegation that defendants had notice of the proceedings of the courts of Cook county, Ill., and, even if there were, such proceedings were long after they had begun their attachment proceedings, and were therefore not binding upon them. A mere equitable claim or right will not take priority over an attachment levied before action brought to establish the claim or remedy. Equitable titles or liens may, under certain circumstances, be protected, but not a mere inchoate right or remedy. Pomeroy's Equity Jurisprudence (2d Ed.) section 681. There seems to be no ground for granting plaintiff a priority over the attachment. That there may be no misconstruction of this opinion, it is well to state that the legality of the attachment on the undivided one-third interest in the property is in no manner questioned.

The ruling on the demurrer was right, and the judgment is AFFIRMED.